UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-61559-CIV-MARRA/SELTZER

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

TRANSNET WIRELESS CORPORATION,
    a Florida corporation, et al.

    Defendants.

_____/

**FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION, RESTITUTION, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS NATIONWIDE CYBER SYSTEMS, INC., TRANSNET WIRELESS CORPORATION, PAUL PEMBERTON, FARRIS PEMBERTON, AND BRADLEY CARTWRIGHT**

This matter comes before the Court on complaint of Plaintiff, Federal Trade Commission ("FTC" or "Commission"), against Defendants Nationwide Cyber Systems, Inc., Transnet Wireless Corporation, Paul Pemberton, Farris Pemberton, and Bradley Cartwright.  On September 26, 2005, the Commission filed a Complaint for a permanent injunction and other equitable relief in this matter pursuant to Sections 5(a), 13 (b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 57b.  The FTC charged Defendants Nationwide Cyber Systems, Inc., Transnet Wireless Corporation, Paul Pemberton, Farris Pemberton, and Bradley Cartwright with engaging in deceptive acts or practices in connection with the marketing and sale of public access internet kiosk business ventures, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Trade Regulation Rule regarding  Disclosure Requirements and

Prohibitions Concerning Franchising and Business Opportunity Ventures ("Franchise Rule" or "Rule"), 16 C.F.R. Part 436. The Commission has filed a motion for summary judgment, and that motion is granted. The Court's findings and conclusions set forth in the Order Granting Plaintiff's Motion for Summary Judgment are incorporated by reference and adopted herein in support of the entry of this Final Judgment. Accordingly, for a final judgment and order against above-named Defendants, it is hereby **ORDERED, ADJUDGED, AND DECREED**:

## FINDINGS

1.  This Court has jurisdiction of the subject matter of this case and the parties hereto pursuant to 28 U.S.C. § § 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 53(b), and 57b.

2.  Venue in the Southern District of Florida is proper as to all parties.

3.  The activities of Defendants Nationwide Cyber Systems, Inc., Transnet Wireless Corporation, Paul Pemberton, Farris Pemberton, and Bradley Cartwright are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4.  The Complaint states a claim upon which relief may be granted against Defendants Nationwide Cyber Systems, Inc., Transnet Wireless Corporation, Paul Pemberton, Farris Pemberton, and Bradley Cartwright under Sections 5(a), 13 (b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 57b.

5.  This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

6.  Entry of this Final Order is in the public interest.

# ORDER

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED**, in connection with the advertising, promotion, offering for sale, or sale, in or affecting commerce, of any business opportunity or venture, franchise, or any other good or service, that Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently restrained and enjoined from making, or assisting in the making, of any statement or representation of material fact that is fraudulent, false, or misleading, whether directly or by implication, orally or in writing, including, but not limited to, any of the following:

    A.    The income, profits, or sales volume that a purchaser is likely to achieve;

    B.    The income, profits, or sales volume actually achieved by prior purchasers;

    C.    The length of time that it is likely to take a purchaser to recoup the entire purchase price or investment;

    D.    The independence or authenticity of any third party references, including persons represented to be prior purchasers, that are provided to potential purchasers;

    E.    The amount of competition within, or a purchaser's territorial rights to, any geographic territory;

    F.    The availability, existence, or quality of profitable locations in a purchaser's geographic area;

    G.    The terms and conditions of any assurances, refunds, cancellation rights, exchange rights, repurchase policies, or guarantees of profitability that relate to any location service that

Defendant offers or location company to which Defendant refers a purchaser;

  H. Any material restriction, limitation, or condition to purchase, receive, or use any business opportunity or venture, franchise, or any other good or service; and

  I. Any material aspect of the performance, efficacy, nature, or central characteristic of any business opportunity or venture, franchise, or any other good or service.

## II.  PROHIBITION AGAINST VIOLATION OF THE FRANCHISE RULE OR BUSINESS OPPORTUNITY RULE

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering for sale, or sale, in or affecting commerce, of any business opportunity or venture, franchise, or any other good or service, that Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from violating or assisting others to violate any provisions of the Franchise Rule or Business Opportunity Rule by, including, but not limited to:

  A. Failing to provide each prospective purchaser with a complete and accurate disclosure document as prescribed by the Franchise Rule or Business Opportunity Rule;

  B. Failing to have a reasonable basis for any earnings claim or financial performance representation at the time such claim or representation is made, as required by the Franchise Rule or Business Opportunity Rule;

  C. Failing to provide prospective purchasers with required disclosures for any earnings claim or financial performance representations, as required by the Franchise Rule or Business Opportunity Rule;

D. Failing to disclose, in immediate conjunction with any earnings claim or financial performance representation, and in a clear and conspicuous manner, that material which constitutes a reasonable basis for the earnings claim or financial performance representation is available to prospective franchisees, as required by the Franchise Rule or Business Opportunity Rule;

E. Failing to provide material which constitutes a reasonable basis for any earnings claim or financial performance representation to prospective purchasers, the Commission, or its staff upon reasonable demand, as required by the Franchise Rule or Business Opportunity Rule; and

F. Failing to disclose, in immediate conjunction with any generally disseminated ("advertised") earnings claim or financial performance representation, information required by the Franchise Rule or Business Opportunity Rule, including the number and percentage of prior purchasers known by the franchisor or business opportunity seller to have achieved the same or better results, as required by the Franchise Rule or Business Opportunity Rule.

### III. PROHIBITIONS AGAINST DISTRIBUTION OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the individual or corporate name, address, telephone number, credit card number, bank account number or other identifying information of any person who paid any money to Defendants, at any time, in connection with the advertising, promotion, offering for sale, or sale of business opportunities or ventures, franchises,

or location services; ***provided, however,*** that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation or court order.

### IV.  CONSUMER REDRESS AND OTHER EQUITABLE RELIEF

**IT IS FURTHER ORDERED** that judgment is hereby entered jointly and severally against Defendants Nationwide Cyber Systems, Inc., Paul Pemberton, and Farris Pemberton in the amount of $30,908,752 and against Defendants Transnet Wireless Corporation, Paul Pemberton, and Bradley Cartwright in the amount of $17,209,012.83 for equitable monetary relief, including but not limited to consumer redress and disgorgement. Any funds not used for such equitable relief shall be deposited to the Treasury as disgorgement**.**

     A.     All funds paid pursuant to this Final Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is complete, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall deposited to the Treasury as disgorgement.

     B.     Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings Plaintiff may initiate to enforce this Final Order.

     C.     Defendants are enjoined from enforcing any judgment or award obtained prior to entry of this Final Order against any customer or franchisee that was arose as a result of the

customer or franshisee's investment in a business opportunity that is the subject of this proceeding.

## V. RECEIVERSHIP PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      The Receiver, Jane Moscowitz, Esq., shall wind down the affairs and marshal the records and assets of Nationwide Cyber Systems, Inc., and Transnet Wireless Corporation. Within 45 days after entry of this Final Order, the Receiver shall file a final report to this Court describing the wind-down of the business of Nationwide Cyber Systems, Inc., and Transnet Wireless Corporation and the scope of the Receiver's activities.

B.      The Receiver and all personnel hired by the Receiver as previously authorized by the Court shall be entitled to reasonable compensation for the performance of duties pursuant to this Final Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in possession or control of, or which may be received by, the Receivership Defendants, Nationwide Cyber Systems, Inc., and Transnet Wireless Corporation.  Within 45 days after entry of this Final Order, the Receiver shall file with the Court, and serve on the parties, a final accounting and request for the payment of such reasonable compensation as to the Defendants included in this particular Final Order.

C.      Upon the Court's approval of the Receiver's final report and request for payment, the Receiver shall transfer any remaining funds of Defendants to the FTC in partial satisfaction of the judgment, and the receivership shall terminate.

## VI. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of

this Final Order, Defendants shall deliver copies of the Final Order as directed below:

    A.    Corporate Defendants: Nationwide Cyber Systems, Inc., and Transnet Wireless Corporation must deliver a copy of this Final Order to all of its principals, officers, directors, and managers.  Nationwide Cyber Systems, Inc., and Transnet Wireless Corporation also must deliver copies of this Final Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Final Order.  For current personnel, delivery shall be within twenty (20) days of service of this Final Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.

    B.    Individual Defendants [Paul Pemberton, Farris Pemberton, and Bradley Cartwright] as Control Persons: For any business in which  Paul Pemberton, Farris Pemberton, or Bradley Cartwright has a majority ownership interest, that Individual Defendant must deliver a copy of this Final Order to all principals, officers, directors, and managers of that business.  That Individual Defendant must also deliver copies of this Final Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Final Order.  For current personnel, delivery shall be within twenty (20) days of service of this Final Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.

    C.    Paul Pemberton, Farris Pemberton, or Bradley Cartwright employee or non-control person: for any business where  Paul Pemberton, Farris Pemberton, or Bradley Cartwright is not a controlling person of a business but otherwise engages in

conduct related to the subject matter of this Final Order, Paul Pemberton, Farris Pemberton, or Bradley Cartwright must deliver a copy of this Final Order to all principals and managers of such business before engaging in such conduct.

## VII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Final Order.

Except as relates to the activities of the Receiver, the Clerk shall **CLOSE** this case.  All pending motions are denied as moot**.**

**SO ORDERED,** this 20th  day of March, 2007.

_____

HON. KENNETH A. MARRA
United States District Judge

Furnish copies to:
All counsel of record

Defendant Bradley Cartwright, *pro se*
103 Dockside Circle
Weston, FL 33327

Paul Pemberton, *pro se*
8150 Cleary Blvd.
Apt No. 1506
Plantation, FL 33327

Farris Pemberton, *pro se*
1088 Veterans Drive
Ashland, TN 37015

Margaret Pemberton, *pro se*

10101 West Bay Harbor Drive
Unit No. 1
Bay Harbor, FL 33154